# IN THE COURT OF APPEALS OF IOWA

No. 19-1349
Filed August 5, 2020

JENNIFER MORRIS, Individually and as the Administrator for the ESTATE
OF DAULTON HOLLY, and JASON ALLAN HOLLY,
    Plaintiffs-Appellants,

vs.

LEGENDS FIELDHOUSE BAR AND GRILL, LLC, PRETTY WOMEN,
INC., d/b/a THE BEACH GIRLS, J.P. PARKING, INC., JAMES E. PETRY,
ABC CORP., a fictitious corporation and RONALD PAUL HAUSER,,
    Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.


        Plaintiffs appeal from the district court's order granting summary judgment
in favor of defendants on the plaintiffs' negligence suit. **REVERSED AND
REMANDED.**


        Tiffany R. Wunderlin of Dicello, Levitt, & Gutzler, Platteville, Wisconsin, and
R. Craig Oppel of Allbee & Barclay, P.C., Muscatine, for appellants.

        Adam Zenor of Zenor Kuehner, P.L.C., Des Moines, and Sean M. Corpstein
of Grefe & Sidney, P.L.C., Des Moines, for appellees.


        Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A security guard at Beach Girls strip club in West Des Moines told Daulton Holly to leave the establishment because he had too much to drink. He offered to call Holly a cab, but Holly refused and walked away. A driver who had been drinking at another establishment and was heading to the strip club ran over Holly on a local highway. Holly died.

The administrator of Holly's estate sued Beach Girls and others for negligence. She alleged in pertinent part that

> [t]he negligent acts of the Beach Girls . . . employees, staff, agents, and/or officers in ejecting Daulton Holly from its premises when he was clearly too intoxicated to drive or otherwise safely make it back to his hotel without assistance was a direct and proximate cause of the damages sustained by the decedent, Daulton Holly.

Beach Girls denied the allegation and moved for summary judgment. The club asserted: "Plaintiffs' allegations of premises liability/negligence fails as a matter of law as to the landowner because the injury to Decedent-Plaintiff Daulton Holly did not occur on the premises or by an instrument that came from the premises." The district court granted the summary judgment motion, and the estate appealed.

"An actionable claim of negligence requires 'the existence of a duty to conform to a standard of conduct to protect others, a failure to conform to that standard, proximate cause, and damages.'" *Thompson v. Kaczinski*, 774 N.W.2d 829, 834 (Iowa 2009) (quoting *Stotts v. Eveleth*, 688 N.W.2d 803, 807 (Iowa 2004)). This case involved the duty prong.

That prong underwent a wholesale revision in *Thompson*, 774 N.W.2d at 834–35. Prior to *Thompson*, the supreme court endorsed the consideration of foreseeability in a duty analysis. *Id.* at 834. In *Thompson*, the court adopted the

view of the drafters of the Restatement (Third) of Torts, who disapproved of the application of a foreseeability factor in the duty analysis. *Id.* at 834–35. The court found "the drafters' clarification of the duty analysis in the Restatement (Third) compelling." *Id.* at 835. The court stated:

> When the consideration of foreseeability is removed from the determination of duty, as we now hold it should be, there remains the question of whether a principle or strong policy consideration justifies the exemption of [the defendants]—as part of a class of defendants—from the duty to exercise reasonable care.

*Id.* The court concluded "no such principle or policy consideration exempts property owners from a duty to exercise reasonable care to avoid the placement of obstructions on a roadway." *Id.* After finding that the district court "clearly considered foreseeability in concluding the defendants owed no duty in this case," the court reversed the district court's summary judgment ruling in favor of the defendants. *Id.* at 840.

The supreme court revisited the foreseeability question in *Hoyt v. Gutterz Bowl & Lounge L.L.C.*, 829 N.W.2d 772, 776 (Iowa 2013), an opinion involving a premises-liability claim against a bar owner. In the underlying opinion, the court of appeals emphasized "that the assessment of the foreseeability of a risk is no longer part of the duty determination (generally a legal question assigned to the court as gatekeeper), and is now considered part of the reasonable care and scope of liability elements (generally fact-laden questions left for the jury)." *See Hoyt v. Gutterz Bowl & Lounge, L.L.C.*, No. 11-0085, 2011 WL 5460653, at *4 (Iowa Ct. App. Nov. 9, 2011). The supreme court agreed and affirmed the court of appeals. *See Hoyt*, 829 N.W.2d at 776. The court stated, "For the same reasons we found

the Restatement (Third) compelling in *Thompson*, we find it compelling in the tavern owner–patron context." *Id.* The court explained:

> [F]oreseeability is central to the fact finder's inquiries regarding breach and the range of harms for which an actor may be liable. Any overlap in the duty inquiry is likely to be redundant and confusing, and may well frustrate longstanding rationales for specific allocations of decision-making power between the judge and jury. The redundancy also gives rise to the possibility that judge and jury may reach inconsistent results regarding foreseeability, at odds with goals of procedural fairness, predictability, and treating like cases alike. For these reasons, we emphasize again our adoption of the duty analysis of the Restatement (Third).

*Id.* at 776–77 (citation omitted). *Thompson* and *Hoyt* set the landscape for the summary judgment ruling in this case.

The estate argues the district court failed to follow the holdings of those opinions and "erroneously considered foreseeability as a factor to determine duty." As the estate notes, our review is for errors of law. *See Sain v. Cedar Rapids Cmty. Sch. Dist.*, 626 N.W.2d 115, 121 (Iowa 2001).

The district court enumerated the three pre-*Thompson* factors relevant to a duty analysis, including foreseeability, then said, "In consideration of the three factors set forth in *Thompson*, this court finds that while Holly was on [the club] premises, a special relationship, in fact, did exist, between them" and, "[a]s a result, [the club was] required to exercise reasonable care in maintaining Holly's safety." But the court determined the "duty ceased" when "Holly voluntarily left the premises."[1] The court distinguished *Hoyt* on the facts and concluded the estate's reliance on *Hoyt* was "misplaced."

---

[1] We note that Holly was told to leave the premises. He chose to walk away from the parking lot rather than take a cab.

The pre-*Thompson* duty standard that incorporated foreseeability into the analysis is no longer extant. *See Mitchell v. Cedar Rapids Cmty. Sch. Dist.*, 832 N.W.2d 689, 702 (Iowa 2013) (acknowledging that "other jurisdictions, using the old duty framework[,] . . . have rejected the possibility of liability for injuries occurring after hours and off school grounds after concluding the injuries were unforeseeable" but reiterating "we have adopted the duty principles of the Restatement (Third) and will not consider foreseeability, or lack thereof, in making duty determinations" (citing *Hoyt*, 829 N.W.2d at 776–77; *Thompson*, 774 N.W.2d at 835)). Although the district court also cited policies favoring a finding of no duty, *Thompson* authorizes the incorporation of policy considerations in the duty analysis only after foreseeability is removed from the equation. 774 N.W.2d at 835; *cf. Benninghoven v. Hawkeye Hotels, Inc.*, No. 16-1374, 2017 WL 2684351, at *6 (Iowa Ct. App. June 21, 2017) (affirming district court's determination as a matter of law that the defendants owed no duty to control an employee's off-duty and off-premises behavior). Because foreseeability was not removed from the equation, we reverse the summary judgment ruling and remand for further proceedings. *See Eurich v. Bass Pro Outdoor World, L.L.C*, No. 17-0302, 2017 WL 5179011, at *3 (Iowa Ct. App. Nov. 8, 2017).

**REVERSED AND REMANDED.**